# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK N. HERNANDEZ, JR.,        )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )
MIDLAND CREDIT MANAGEMENT,      )
INC.; MRC RECEIVABLES           )
CORPORATION; and ENCORE         )
CAPITAL GROUP, INC., formerly   )
MCM CAPITAL GROUP, INC.,        )
                                )
            Defendants.         )

04C 7844

JUDGE PALLMEYER

MAGISTRATE SIDNEY I. SCHENKIER

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Frank N. Hernandez, Jr. brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); MRC Receivables Corporation ("MRC"); and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants' collection communications were received in this District.

### PARTIES

3.     Plaintiff resides in Darien, Illinois.

4. Defendant MRC is a Delaware corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123.

5. Defendant MCM is a Kansas corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123. MCM does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

6. Defendant MRC is in the business of buying bad debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

7. Defendant MRC is a "debt collector" as defined in the FDCPA.

8. Defendant MRC does business in Illinois.

9. Defendant MCM is a collection agency and collects the bad debts purchased by MRC.

10. Defendant MCM is a "debt collector" as defined in the FDCPA.

11. MCM and MRC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 5775 Roscoe Court, San Diego, CA 92123.

12. Encore participated in the debt collection activities complained of and is a "debt collector" as defined in the FDCPA.

## PRIVACY PROTECTIONS IN FDCPA

13. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties

2

. . . ." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

      14.    15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

      15.    Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title" and the "advertisement for sale of any debt to coerce payment of the debt." Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

      16.    The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts. . . A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

      17.    Section 1692e provides:

§ 1692e.     **False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

18.     Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

**. . . (7) Communicating with a consumer regarding a debt by post card.**

**(8)     Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . .**

## FACTS RELATING TO PLAINTIFF

19.     On or about November 14, 2004, defendant MCM sent plaintiff a collection letter consisting of three pages and attached as <u>Exhibit A</u>.

20.     <u>Exhibit A</u> was sent on behalf of MRC, the owner of the debt.

21.     <u>Exhibit A</u> included a "privacy notice of financial information" ("privacy notice") prepared by Encore.

22.     The letter sought to collect an alleged debt incurred for personal, family or household use.

23.     <u>Exhibit A</u> is a form letter.

4

24.     The "privacy notice" is also a form.

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

25.     The privacy notice states that "In connection with collecting on, or servicing, your account, we collect nonpublic personal information about you from the following sources": (a) "applications or other forms"; (b) "your account transactions with us, our affiliates or others including, without limitation, the originating creditor"; (c) from "consumer reporting agencies"; and (d) from "other nonaffiliated third parties".

26.     All of this information is integrally related to debt collection.

27.     The privacy notice then states: **"What Information Do We Disclose?** We reserve the right to disclose all of the nonpublic personal information that we collect, as described above, as it pertains to our customers or former customers. **To Whom Do We Disclose Information?** We may disclose (whether you are a customer or former customer) nonpublic personal information about you to the following types of third parties: o Financial service providers, such as mortgage bankers or other lenders; o Non-financial companies, such as direct marketers or retailers."

28.     Many of the uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. §1692c, and the statement that defendants would make such disclosures, or has the right to do so, violates 15 U.S.C. §1692e.

29.     In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately

5

induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

30. Debt collectors are known to sell lists of persons who have not paid their debts to issuers of subprime credit cards and mortgage loans, who offer to issue a credit card or make a mortgage loan if the consumer will put some or all of the unpaid debt on the credit card or mortgage loan.

31. Defendants engage in such practices. Defendants state in their SEC filings:

> *Account Balance Transfer.* We may transfer to our credit card partner accounts with a low expected value or those for which collection efforts have failed. The credit card partner may offer the debtor the opportunity to put the balance on a credit card. If the account is transferred we receive an agreed upon payment. We retain the ownership of and the ability to collect on the charged-off accounts that the card issuer has solicited until a successful balance-transfer has occurred.

Report on SEC Form 10-K of Encore Capital Group, Inc., for 12 months ending Dec. 31, 2003.

32. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. §1692c.

33. Defendants' privacy notice then states that if the consumer would "prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

34. Finally, the inclusion of erroneous statements in a debt collection letter that

information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

35. Similar statements were held to violate 15 U.S.C. §1692e in  Stewart v. Asset Acceptance LLC, 1:04-cv-1213-LJM-VSS (S.D.Ind., Nov. 19, 2004).

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class.

37. The class consists of (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

38. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

7

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

        a.      Statutory damages;

        b.      Attorney's fees, litigation expenses and costs of suit;

        c.      Such other or further relief as the Court deems proper.

Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
John D. Blythin
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

Cathleen M. Combs

f:\general\form\cmplt midland hernandez.wpd

8

# EXHIBIT A

# mcm

MIDLAND CREDIT MANAGEMENT, INC.
P.O. Box 939019
San Diego, CA 92193-9019

ADDRESS SERVICE REQUESTED

11-14-2004

#BWNHLTH
#0000 0850 8525 4507#
FRANK N HERNANDEZ JR
1225 SLEEPY HOLLOW LN L
DARIEN, IL 60561-5045

| | |
|---|---|
| Contact Information: | Tel (800) 935-4566 |
| | Fax (800) 306-4443 |
| Hours of Operation: | M-Th 6am - 7pm PST |
| | Fri 6am - 5pm |
| | Sat 6am - Noon |
| Current Owner: | MRC Receivables Corp. |
| Original Owner: | PROVIDIAN NATIONAL B |

MCM Account No: 8508525450
Current Balance: $3,135.26
Payment Due Date: 12-29-2004

Dear FRANK N HERNANDEZ JR,

Welcome! We have a great offer for our new customers.

MRC Receivables Corp. recently purchased your PROVIDIAN NATIONAL B account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation. As the new servicer of this account, we would like to find a positive resolution to your account.

Midland Credit Management, Inc. (MCM) is currently able to offer you a substantial discount of *50% off* your Current Balance *if we receive payment by 12-29-2004*.

What's In It For You? Once MCM receives your payment of $1,567.63, we will:
- Notify the credit bureaus that the debt is "Paid".
- Immediately stop all recovery activity on this account.

To accept this offer, simply detach the Acceptance Certificate below and enclose it with your $1,567.63 payment in the envelope provided. *Please mail your payment no later than 12-22-2004* in order to receive credit for the 50% off discount by the expiration date 12-22-2004.

If you prefer to speak with one of our Account Managers, please contact us at (800) 935-4566.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Midland Credit Management, Inc
(800) 935-4566

*Please tear off and return lower portion with payment in envelope provided*

## *Acceptance Certificate*

FRANK N HERNANDEZ JR
1225 SLEEPY HOLLOW LN L
DARIEN, IL 60561-5045

| | |
|---|---|
| MCM Account Number: | 8508525450 |
| Current Balance: | $3,135.26 |
| **Amount Due:** | $1,567.63 |
| Make Check Payable to: | Midland Credit Management, Inc. |
| **Payment Due Date:** | 12-29-2004 |

# mcm
Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870

08 8508525450 7 0156763 122904 4

15615

LT1A

**Important Disclosure Inform.    n**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

The records purchased from PROVIDIAN NATIONAL B reflect that you are obligated on this account, which is in default with a Current Balance of $3,135.26. As the owner of this account, but subject to the rights described below, MRC Receivables Corp. is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*Your credit report will not be updated if the federal reporting period has expired.

## Privacy Notice of Financial Information

**From MCM Capital Group, Inc. ("MCMC") And its affiliates**

MCMC on behalf of each of its affiliates (Midland Acquisition Corporation, Midland Credit Management, Inc., MRC Receivables Corporation, Midland Receivables 98-1 Corporation, Midland Receivables 99-1 Corporation, and Midland Funding 98-A Corporation, respectively) is delivering this Privacy Notice so that you understand what nonpublic personal information we gather about you, how we use or share that nonpublic personal information, and the safeguards we have in place in order to protect that nonpublic personal information.

Please take a moment to read this Privacy Notice and accompanying Opt Out Notice.

### What Information Do We Collect?

In connection with collecting on, or servicing, your account, we collect nonpublic personal information about you from the following sources:

- Directly from you, applications or other forms (e.g., your name, address, social security number, telephone number and other information obtained from our communications with you);
- From your account transactions with us, our affiliates or others including, without limitation, the originating creditor (e.g. account balance, payment history, banking information and customer information);
- From consumer reporting agencies (e.g., creditworthiness or credit history); and
- From other nonaffiliated third parties (e.g., providers of location information and demographic information).

### What Information Do We Disclose?

We reserve the right to disclose all of the nonpublic personal information that we collect, as described above, as it pertains to our customers or former customers.

### To Whom Do We Disclose Information?

We may disclose (whether you are a customer or former customer) nonpublic personal information about you to the following types of third parties:

- Financial service providers, such as mortgage bankers or other lenders;
- Non-financial companies, such as direct marketers or retailers.

We may disclose nonpublic personal information about you to other nonaffiliated third parties as permitted by law (such as credit reporting agencies, debt collectors, attorneys, companies that process financial products or services, in connection with the sale of all or part of our business, and, as necessary, to respond to legal subpoenas and other similar legal process)

We may disclose all of the information we collect, as described above, to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements.

### Information Security

We restrict access to nonpublic personal information about you to those employees who need it to perform their job responsibilities. In addition, we maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

### OPT-OUT NOTICE

If you prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than those disclosures permitted by law). If you wish to opt out of disclosures to nonaffiliated third parties, write your name, address, and account number, on the Opt Out Response Form. Then detach the form and mail it to us at the following address:

MCM Privacy Notice
5775 Roscoe Court
San Diego, CA 92123

Please note the following important information about your opt-out rights:

- If you have multiple accounts with us, you must indicate your preference to opt-out on each account. You will receive a separate Opt-Out Notice for each account you have with us.
- If you have a joint account, your opt-out choices will apply to each person on the account.

Detach Along Perforation

### Opt Out Response Form

**(Please Print)**

Name: ~~Fran~~    Address:_____    E-mail Address:_____

City:_____    State:_____ Zip:_____    Phone Number: (    ) _____-_____

MCM Account Number: _ALL ACCOUNTS — SEE ATTACHMENTS_
(Required to Process)

FILED-ED
2004 DEC -3 PM 4: 26
CLERK
DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** Frank N. Hernandez, Jr.

**Defendant(s):** Midland Credit Management, Inc.; MRC Receivables Corporation; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc.

County of Residence:

County of Residence:

Plaintiff's Atty: Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor,
Chicago, IL 60603
312-739-4200

Defendant's Atty:

040 7844

JUDGE PALLMEYER

II. Basis of Jurisdiction: **4. Diversity (complete item III)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
Plaintiff:- 1 Citizen of This State
Defendant:- 5 Non IL corp and Principal place of Business outside IL

MAGISTRATE SIDNEY I. SCHENKIER

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **890 Other Statutory Actions**

VI.Cause of Action: **28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k (FDCPA)**

VII. Requested in Complaint
    Class Action: **Yes**
    Dollar Demand:
    Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 12/3/04

/ -2

# UNITED STATES DISTRICT COURT FOR THE NORTHERN
# DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Matter of: Frank N. Hernandez, Jr. v. Midland Credit Management, Inc.; MRC
Receivables Corporation; and Encore Capital Group, Inc., formerly MCM Capital Group, Inc.

Case Number **04C 7844**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S)
FOR:

## PLAINTIFF FRANK N. HERNANDEZ, JR.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Daniel A. Edelman | NAME Cathleen M. Combs |
| FIRM Edelman, Combs, Latturner & Goodwin | FIRM Edelman, Combs, Latturner & Goodwin |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER (312) 793-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00472840 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES X N ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X N ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ N X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME James O. Latturner | NAME John D. Blythin |
| FIRM Edelman, Combs, Latturner & Goodwin | FIRM Edelman, Combs, Latturner & Goodwin |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER (312)-739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01588095 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06281648 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ N X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES ☐ N X |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X | DESIGNATED AS LOCAL YES ☐ N X |

# APPENDIX B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Frank N. Hernandez, Jr., | ) | |
| | ) | Case No. 04 C 7844 |
| Plaintiff, | ) | |
| | ) | Judge Pallmeyer |
| vs. | ) | |
| | ) | Magistrate Judge Schenkier |
| Midland Credit Management, Inc.; MRC | ) | |
| Receivables Corporation; and Encore Capital | ) | |
| Group, Inc., formerly known as MCM Capital | ) | |
| Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, MIDLAND CREDIT MANAGEMENT, INC., ("MCM"), by and through its

attorneys, David M. Schultz and Jennifer M. Hanna, and for its answer and affirmative defenses

to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1.    Plaintiff Frank N. Hernandez, Jr. brings this action to secure redress
against unlawful collection practices engaged in by defendants Midland Credit Management, Inc;
("MCM"); MRC Receivables Corporation ("MRC"); and Encore Capital Group, Inc., formerly
known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violation of the Fair Debt
Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:    Defendant, MCM, admits that Plaintiff purports to state a claim, and seeks
relief under, the FDCPA. Defendant denies that it violated the FDCPA or that it engaged
in any unlawful collection practices. In further answering the allegations contained within
Paragraph 1 of Plaintiff's Complaint, Defendant MCM denies that Plaintiff is entitled to
any damages and/or relief under the FDCPA. MCM denies any remaining allegations
contained within Paragraph 1 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants' collection communications were received in this District.

**ANSWER:   Defendant MCM admits that it sent letters into the Northern District of Illinois, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that the letters were received within same. Notwithstanding, MCM states that it does not contest venue or jurisdiction.    In further answering the allegations contained within Paragraph 2 of Plaintiff's Complaint, Defendant MCM states that arbitration may be the more appropriate venue in which to bring this action as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by the Plaintiff.**

## PARTIES

3.      Plaintiff resides in Darien, Illinois.

**ANSWER:   Defendant MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of Plaintiff's Complaint.**

4.      Defendant MRC is a Delaware corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123.

**ANSWER:   MCM admits that Defendant MRC is a Delaware corporation with its principle place of business in San Diego, California. Defendant MCM denies the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint.**

5.      Defendant MCM is a Kansas corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123. MCM does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

**ANSWER:   MCM admits that it is a Kansas corporation with its principle place of business located in San Diego, California. Defendant admits that its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604. Defendant MCM admits that it does business in Illinois, but only and exclusively through the means of interstate commerce.**

6.      Defendant MRC is in the business of buying bad debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

**ANSWER:   MCM admits that Defendant MRC is in the business of buying debts. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegation that the debts bought by MRC are consumer debts as Defendant is without knowledge or information sufficient to form a belief as to the purpose of same debts. In**

2

further answering the allegations contained within Paragraph 6 of Plaintiff's Complaint, MCM states that the use of the words "bad," "large amounts," and "small fraction" are vague and ambiguous, and as a result, Defendant MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.    Defendant MRC is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant MCM denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.    Defendant MRC does business in Illinois.

**ANSWER:** Defendant MCM denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.    Defendant MCM is a collection agency and collects the bad debts purchased by MRC.

**ANSWER:** Defendant MCM admits that it is a collection agency and that it collects debts purchased by MRC. In further answering, Defendant MCM states that Plaintiff's characterization of the debts purchased by MRC as "bad" is vague and ambiguous and therefore, MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.    Defendant MCM is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant MCM admits that it may be considered a debt collector, as defined by the FDCPA, for some purposes. Defendant MCM further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that MCM was acting as a debt collector with respect to the Plaintiff, because it is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt.

11.    MCM and MRC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 5775 Roscoe Court, San Diego, CA 92123.

**ANSWER:** Defendant MCM admits that MCM and MRC are under common ownership and that both are subsidiaries of Encore, a publicly traded Delaware corporation with offices located in San Diego, California. Defendant MCM denies the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.    Encore participated in the debt collection activities complained of and is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant MCM denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

3

## PRIVACY PROTECTIONS IN FDCPA

13.    The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties . . . ." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

**ANSWER:    Defendant MCM admits that Plaintiff purports to recite the FTC Official Staff Commentary on the Fair Debt Collection Practices Act, but denies Plaintiff's characterization of the Act.**

14.    15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

**ANSWER:    Defendant MCM admits only that within Paragraph 14 of his Complaint, Plaintiff purports to recite §1692c(b) and characterize that provision.**

15.    Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title" and the "advertisement for sale of any debt to coerce payment of the debt." Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

**ANSWER:    Defendant MCM admits only that within Paragraph 15 of his Complaint, Plaintiff purports to recite §1692d(3) and (4). Defendant denies that Plaintiff accurately characterizes or paraphrases these sections.**

16.    The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts. . . A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

4

**ANSWER:** Defendant MCM admits only that within Paragraph 16 of his Complaint, Plaintiff purports to quote FTC Official Staff Commentary.

    17.    Section 1692e provides:

        **§ 1692e.     False or misleading representations [Section 807 of P.L.]**

        **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

            **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

            **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:** Defendant MCM admits only that Plaintiff recites a portion of § 1692e.

    18.    Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

        **. . . (7) Communicating with a consumer regarding a debt by post card.**

        **(8)    Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . .**

**ANSWER:** Defendant MCM admits only that Plaintiff recites a portion of § 1692f, and

denies any remaining allegations contained within Paragraph 18 of Plaintiff's Complaint.

### FACTS RELATING TO PLAINTIFF

    19.    On or about November 14, 2004, defendant MCM sent plaintiff a collection letter consisting of three pages and attached as Exhibit A.

**ANSWER:** Defendant MCM admits that Exhibit A purports to be a two page collection letter that it sent to the Plaintiff on or about November 14, 2004. Defendant MCM denies that it sent Exhibit A to the extent that Exhibit A has been altered or revised from its original condition. Defendant admits that a privacy notice may have been included with Exhibit A, and in further answering the allegations contained within Paragraph 19 of Plaintiff's Complaint, Defendant states that it is without knowledge or information

5870378v1 849204

sufficient to form a belief as to the truth of the allegation that the privacy notice attached to Plaintiff's Complaint is the actual privacy notice that might have been sent with Exhibit A.

20.  Exhibit A was sent on behalf of MRC, the owner of the debt.

**ANSWER:**  Defendant MCM admits that MRC was the owner of the debt referred to in Exhibit A. MCM further admits that it sent Exhibit A, only to the extent that it has been unaltered from its original version, as the servicer of Plaintiff's debt. Defendant MCM denies any remaining allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.  Exhibit A included a "privacy notice of financial information" ("privacy notice") prepared by Encore.

**ANSWER:**  Defendant MCM admits that Exhibit A may have included a "privacy notice of financial information." Defendant admits that the privacy notice attached to Plaintiff's Complaint purports to have been prepared by MCM Capital Group, Inc., n/k/a Encore Capital Group, Inc. In further answering the allegations contained within Paragraph 21 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.

22.  The letter sought to collect an alleged debt incurred for personal, family or household use.

**ANSWER:**  Defendant MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.  Exhibit A is a form letter.

**ANSWER:**  Defendant states that Plaintiff's use of the word "form" is vague and ambiguous and MCM therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of Plaintiff's Complaint, though MCM admits that it sends collection letters similar to Exhibit A.

24.  The "privacy notice" is also a form.

**ANSWER:**  Defendant states that Plaintiff's use of the word "form" is vague and ambiguous and MCM therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of Plaintiff's Complaint, though MCM admits that it sends letters with a "Privacy Notice." In further answering the allegations contained within Paragraph 24 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.

6

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

25. The privacy notice states that "In connection with collecting on, or servicing, your account, we collect nonpublic personal information about you from the following sources": (a) "applications or other forms"; (b) "your account transactions with us, our affiliates or others including, without limitation, the originating creditor"; (c) from "consumer reporting agencies"; and (d) from "other nonaffiliated third parties".

**ANSWER: Defendant MCM admits that the privacy notice attached to Plaintiff's Complaint contains, in part, the language quoted. In further answering the allegations contained within Paragraph 25 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

26. All of this information is integrally related to debt collection.

**ANSWER: Defendant MCM denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.**

27. The privacy notice then states: **"What Information Do We Disclose?** We reserve the right to disclose all of the nonpublic personal information that we collect, as described above, as it pertains to our customers or former customers. **To Whom Do We Disclose Information?** We may disclose (whether you are a customer or former customer) nonpublic personal information about you to the following types of third parties: o Financial service providers, such as mortgage bankers or other lenders; o Non-financial companies, such as direct marketers or retailers."

**ANSWER: Defendant MCM admits that the privacy notice attached to Plaintiff's Complaint contains, in part, the language quoted. In further answering the allegations contained within Paragraph 27 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

28. Many of the uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. §1692c, and the statement that defendants would make such disclosures, or has the right to do so, violates 15 U.S.C. §1692e.

**ANSWER: Defendant MCM denies that it violated the FDCPA and denies that the Plaintiff accurately characterizes the privacy notice. In further answering the allegations contained within Paragraph 28 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

5870378v1 849204

29.    In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

**ANSWER:    Defendant MCM denies that it violated the FDCPA and denies that the Plaintiff accurately characterizes the privacy notice. In further answering the allegations contained within Paragraph 29 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

30.    Debt collectors are known to sell lists of persons who have not paid their debts to issuers of subprime credit cards and mortgage loans, who offer to issue a credit card or make a mortgage loan if the consumer will put some or all of the unpaid debt on the credit card or mortgage loan.

**ANSWER:    Defendant MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 30 of Plaintiff's Complaint.**

31.    Defendants engage in such practices. Defendants state in their SEC filings:

> *Account Balance Transfer.* We may transfer to our credit card partner accounts with a low expected value or those for which collection efforts have failed. The credit card partner may offer the debtor the opportunity to put the balance on a credit card. If the account is transferred we receive an agreed upon payment. We retain the ownership of and the ability to collect on the charged-off accounts that the card issuer has solicited until a successful balance-transfer has occurred.

Report on SEC Form 10-K of Encore Capital Group, Inc., for 12 months ending Dec. 31, 2003.

**ANSWER:    Defendant MCM states that the SEC filings speak for themselves, and further objects to the allegations contained within Paragraph 31 of Plaintiff's Complaint on the grounds that they improperly ask it to speak as to another entities' financial statements.    Defendant MCM denies any remaining allegations contained within Paragraph 31 of Plaintiff's Complaint.**

32.    Prospective lenders are not among the parties to whom a debt maybe disclosed under 15 U.S.C. §1692c.

**ANSWER:    Defendant MCM states that the allegations contained within Paragraph 32 of Plaintiff's Complaint consist wholly of legal conclusions to which no response is required. In further answering Paragraph 32, Defendant states that to the extent that a response is**

8

necessary, Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.     Defendants' privacy notice then states that if the consumer would "prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER: Defendant MCM denies that it was responsible for the drafting of the privacy notice attached to the Plaintiff's Complaint. MCM admits only that the privacy notice attached to Plaintiff's Complaint states: "If you prefer that we not disclose nonpublic personal information about you to non-affiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures (other than those disclosures permitted by law)." In further answering the allegations contained within Paragraph 33 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A. Defendant denies the remaining allegations contained within Paragraph 33 of Plaintiff's Complaint.**

34.     Finally, the inclusion of erroneous statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

**ANSWER: Defendant MCM denies that the privacy notice constitutes a debt collection letter. In further answering the allegations contained within paragraph 34 of Plaintiff's Complaint, Defendant MCM denies that Plaintiff accurately characterizes the privacy notice attached to Plaintiff's Complaint and accordingly denies the allegations contained within Paragraph 34 of Plaintiff's Complaint. Furthermore, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

35.     Similar statements were held to violate 15 U.S.C. §1692e in <u>Stewart v. Asset Acceptance LLC</u>, 1:04-cv-1213-LJM-VSS (S.D.Ind., Nov. 19, 2004).

**ANSWER: Defendant MCM denies the allegations contained within Paragraph 35 of Plaintiff's Complaint. In further answering Paragraph 35, Defendant states that Plaintiff completely misstates and misrepresents the cases cited therein.**

<u>CLASS ALLEGATIONS</u>

36.     Plaintiff brings this action on behalf of a class.

5870378v1 849204

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified.

37. The class consists of (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 37 of Plaintiff's Complaint.

38. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 38 of Plaintiff's Complaint.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 39 of Plaintiff's Complaint.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 40 of Plaintiff's Complaint.

41. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. In further answering the allegations contained within Paragraph 41 of Plaintiff's Complaint, Defendant states that it is without sufficient knowledge to form a belief as to the truth of the allegation that Plaintiff will fairly and accurately represent the purported class members and therefore neither admits nor denies same. Defendant admits that Plaintiff's Counsel is experienced in class actions and FDCPA litigation, but further states that it is without knowledge or

10

information sufficient to form a belief as to the truth of the allegation that same is adequate counsel to litigate the present Plaintiff's purported class action. Defendant denies any remaining allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:**     **Defendant MCM admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 42 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant MCM states that any violation of the FDCPA, which Defendant MCM denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant MCM states that Plaintiffs fail to state a cause of action under § 1692 of the FDCPA, because the privacy notice at issue does not contain false or misleading statements in violation of § 1692e.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant MCM states that it did not commit any actionable violations of the FDCPA.

11

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant MCM asserts that upon information and belief, arbitration is the more appropriate venue for Plaintiff's claims to be brought as Defendant may possess certain arbitration rights based on contracts entered into by the Plaintiff.

WHEREFORE, Defendant, MIDLAND CREDIT MANAGEMENT, INC., respectfully requests that this court enter judgment in its favor and against Plaintiff on all claims asserted by Plaintiff and for such other relief as this court deems just and appropriate.

**MIDLAND CREDIT MANAGEMENT, INC.,**

By: _____
One of Defendant's Attorneys

David M. Schultz, Esq.
Jennifer M. Hanna, Esq.
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

5870378v1 849204

# APPENDIX C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Frank N. Hernandez, Jr. | ) | |
| | ) | Case No. 04 C 7844 |
| Plaintiff, | ) | |
| | ) | Judge Pallmeyer |
| vs. | ) | |
| | ) | Magistrate Judge Schenkier |
| Midland Credit Management, Inc.; MRC | ) | |
| Receivables Corporation; and Encore Capital | ) | |
| Group, Inc., formerly known as MCM Capital | ) | |
| Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT, MRC RECEIVABLES CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS COMPLAINT

Defendant, MRC RECEIVABLES CORPORATION, ("MRC"), by and through its attorneys, David M. Schultz and Jennifer M. Hanna, and for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. Plaintiff Frank N. Hernandez, Jr. brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc; ("MCM"); MRC Receivables Corporation ("MRC"); and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** **Defendant, MRC, admits that Plaintiff purports to state a claim, and seeks relief under, the FDCPA. Defendant denies that it violated the FDCPA and denies that it engaged in any collection practices, unlawful or otherwise. In further answering the allegations contained within Paragraph 1 of Plaintiff's Complaint, Defendant MRC denies that Plaintiff is entitled to any damages and/or relief under the FDCPA. MRC denies any remaining allegations contained within Paragraph 1 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). Venue in this District is proper because defendants' collection communications were received in this District.

**ANSWER:     Upon information and belief, MRC admits that Defendant MCM sent letters into the Northern District of Illinois, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that the letters were received within same. Defendant MRC denies that it sent any collection letters. Notwithstanding, MRC states that it does not contest jurisdiction, but denies that venue is appropriate.     In further answering the allegations contained within Paragraph 2 of Plaintiff's Complaint, Defendant MRC states that arbitration may be the more appropriate venue in which to bring this action as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by the Plaintiff.**

## PARTIES

3.     Plaintiff resides in Darien, Illinois.

**ANSWER:     Defendant MRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of Plaintiff's Complaint.**

4.     Defendant MRC is a Delaware corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123.

**ANSWER:     Defendant MRC admits that it is a Delaware corporation with its principle place of business in San Diego, California.     MRC denies the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint.**

5.     Defendant MCM is a Kansas corporation with its principal place of business at 5775 Roscoe Court, San Diego, CA 92123.  MCM does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

**ANSWER:     MRC admits that Defendant MCM is a Kansas corporation with its principle place of business located in San Diego, California.  MRC admits that Defendant MCM's registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.     MRC admits that Defendant MCM does business in Illinois, but only and exclusively through the means of interstate commerce.**

6.     Defendant MRC is in the business of buying bad debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

**ANSWER:     MRC admits that it is in the business of buying debts.  MRC is without knowledge or information sufficient to form a belief as to the truth of the allegation that the**

5870379v1 849204

debts bought by MRC are consumer debts as Defendant is without knowledge or information sufficient to form a belief as to the purpose of same debts. In further answering the allegations contained within Paragraph 6 of Plaintiff's Complaint, MRC states that the use of the words "bad," "large amounts," and "small fraction" are vague and ambiguous, and as a result, Defendant MRC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 6 of Plaintiff's Complaint.

      7.    Defendant MRC is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant MRC denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

      8.    Defendant MRC does business in Illinois.

**ANSWER:** MRC denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

      9.    Defendant MCM is a collection agency and collects the bad debts purchased by MRC.

**ANSWER:** Defendant MRC admits that MCM is a collection agency and that MCM collects debts purchased by MRC. In further answering, Defendant MRC states that Plaintiff's characterization of the debts purchased by MRC as "bad" is vague and ambiguous and therefore, MRC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

      10.    Defendant MCM is a "debt collector" as defined in the FDCPA.

**ANSWER:** MRC admits that Defendant MCM may be considered a debt collector, as defined by the FDCPA, for some purposes. Defendant MRC further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that MCM was acting as a debt collector with respect to the Plaintiff, because it is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt.

      11.    MCM and MRC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 5775 Roscoe Court, San Diego, CA 92123.

**ANSWER:** Defendant MRC admits that MCM and MRC are under common ownership and that both are subsidiaries of Encore, a publicly traded Delaware corporation with

3

offices located in San Diego, California. Defendant MRC denies the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

    12. Encore participated in the debt collection activities complained of and is a "debt collector" as defined in the FDCPA.

**ANSWER:** **Defendant MRC denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.**

## PRIVACY PROTECTIONS IN FDCPA

    13. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties . . . ." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

**ANSWER:** **Defendant MRC admits that Plaintiff purports to recite the FTC Official Staff Commentary on the Fair Debt Collection Practices Act, but denies Plaintiff's characterization of the Act.**

    14. 15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

**ANSWER:** **Defendant MRC admits only that within Paragraph 14 of his Complaint, Plaintiff purports to recite §1692c(b) and characterize that provision.**

    15. Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title" and the "advertisement for sale of any debt to coerce payment of the debt." Section 1681a(f) is the Fair Credit Reporting Act definition of

5870379v1 849204

consumer reporting agency. Section 168lb(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

**ANSWER:** **Defendant MRC admits only that within Paragraph 15 of his Complaint, Plaintiff purports to recite §1692d(3) and (4). Defendant denies that Plaintiff accurately characterizes or paraphrases these sections.**

16. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts. . . A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

**ANSWER:** **Defendant MRC admits only that within Paragraph 16 of his Complaint, Plaintiff purports to quote FTC Official Staff Commentary.**

17. Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:**      **Defendant MRC admits only that Plaintiff recites a portion of § 1692e.**

18. Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

**. . . (7) Communicating with a consumer regarding a debt by post card.**

**(8)      Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . .**

5

**ANSWER:** Defendant MRC admits only that Plaintiff recites a portion of 1692f, and denies any remaining allegations contained within Paragraph 18 of Plaintiff's Complaint.

## FACTS RELATING TO PLAINTIFF

19. On or about November 14, 2004, defendant MCM sent plaintiff a collection letter consisting of three pages and attached as Exhibit A.

**ANSWER:** Defendant MRC admits that Exhibit A purports to be a two page collection letter that MCM sent to the Plaintiff on or about November 14, 2004. Defendant MRC denies that Defendant MCM sent Exhibit A to the extent that Exhibit A has been altered or revised from its original condition. Defendant MRC admits that a privacy notice may have been included with Exhibit A, and in further answering the allegations contained within Paragraph 19 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to Plaintiff's Complaint is the actual privacy notice that might have been sent with Exhibit A.

20. Exhibit A was sent on behalf of MRC, the owner of the debt.

**ANSWER:** Defendant MRC admits that it was the owner of the debt referred to in Exhibit A. MRC further admits that MCM sent Exhibit A, only to the extent that it has been unaltered from its original version, as the servicer of Plaintiff's debt. Defendant MRC denies any remaining allegations contained within Paragraph 20 of Plaintiff's Complaint.

21. Exhibit A included a "privacy notice of financial information" ("privacy notice") prepared by Encore.

**ANSWER:** Defendant MRC admits that Exhibit A may have included a "privacy notice of financial information." Defendant admits that the privacy notice attached to Plaintiff's Complaint purports to have been prepared by MCM Capital Group, Inc., n/k/a Encore Capital Group, Inc. In further answering the allegations contained within Paragraph 21 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.

22. The letter sought to collect an alleged debt incurred for personal, family or household use.

**ANSWER:** Defendant MRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of Plaintiff's Complaint.

5870379v1 849204

23. <u>Exhibit A</u> is a form letter.

**ANSWER: Defendant states that Plaintiff's use of the word "form" is vague and ambiguous and MRC therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of Plaintiff's Complaint, though, MRC admits that MCM sends collection letters similar to Exhibit A.**

24. The "privacy notice" is also a form.

**ANSWER: Defendant states that Plaintiff's use of the word "form" is vague and ambiguous and MRC therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of Plaintiff's Complaint, though, MRC admits that MCM sends letters with a "Privacy Notice." In further answering the allegations contained within Paragraph 24 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

25. The privacy notice states that "In connection with collecting on, or servicing, your account, we collect nonpublic personal information about you from the following sources": (a) "applications or other forms"; (b) "your account transactions with us, our affiliates or others including, without limitation, the originating creditor"; (c) from "consumer reporting agencies"; and (d) from "other nonaffiliated third parties".

**ANSWER: Defendant MRC admits that the privacy notice attached to Plaintiff's Complaint contains, in part, the language quoted. In further answering the allegations contained within Paragraph 25 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

26. All of this information is integrally related to debt collection.

**ANSWER: Defendant MRC denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.**

27. The privacy notice then states: **"What Information Do We Disclose?** We reserve the right to disclose all of the nonpublic personal information that we collect, as described above, as it pertains to our customers or former customers. **To Whom Do We Disclose Information?** We may disclose (whether you are a customer or former customer) nonpublic personal information about you to the following types of third parties: o Financial

7

service providers, such as mortgage bankers or other lenders; o Non-financial companies, such as direct marketers or retailers."

**ANSWER: Defendant MRC admits that the privacy notice attached to Plaintiff's Complaint contains, in part, the language quoted. In further answering the allegations contained within Paragraph 27 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

28. Many of the uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. §1692c, and the statement that defendants would make such disclosures, or has the right to do so, violates 15 U.S.C. §1692e.

**ANSWER: Defendant MRC denies that it violated the FDCPA and denies that the Plaintiff accurately characterizes the privacy notice. In further answering the allegations contained within Paragraph 28 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

29. In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

**ANSWER: Defendant MRC denies that it violated the FDCPA and denies that the Plaintiff accurately characterizes the privacy notice. In further answering the allegations contained within Paragraph 29 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

30. Debt collectors are known to sell lists of persons who have not paid their debts to issuers of subprime credit cards and mortgage loans, who offer to issue a credit card or make a mortgage loan if the consumer will put some or all of the unpaid debt on the credit card or mortgage loan.

5870379v1 849204

**ANSWER:** Defendant MRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.     Defendants engage in such practices. Defendants state in their SEC filings:

> *Account Balance Transfer.* We may transfer to our credit card partner accounts with a low expected value or those for which collection efforts have failed. The credit card partner may offer the debtor the opportunity to put the balance on a credit card. If the account is transferred we receive an agreed upon payment. We retain the ownership of and the ability to collect on the charged-off accounts that the card issuer has solicited until a successful balance-transfer has occurred.

Report on SEC Form 10-K of Encore Capital Group, Inc., for 12 months ending Dec. 31, 2003.

**ANSWER:** Defendant MRC states that the SEC filings speak for themselves, and further objects to the allegations contained within Paragraph 31 of Plaintiff's Complaint on the grounds that they improperly ask it to speak as to another entities' financial statements. Defendant MRC denies the remaining allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.     Prospective lenders are not among the parties to whom a debt maybe disclosed under 15 U.S.C. §1692c.

**ANSWER:** Defendant MRC states that the allegations contained within Paragraph 32 of Plaintiff's Complaint consist wholly of legal conclusions to which no response is required. In further answering Paragraph 32, Defendant states that to the extent that a response is necessary, Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.     Defendants' privacy notice then states that if the consumer would "prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER:** Defendant MRC denies that it was responsible for the drafting or distribution of the privacy notice attached to the Plaintiff's Complaint. MRC admits only that the privacy notice attached to the Plaintiff's Complaint states: "If you prefer that we not disclose nonpublic personal information about you to non-affiliated third parties, you may opt out of those disclosures, that is, you may direct us not to make those disclosures**

(other than those disclosures permitted by law)." In further answering the allegations contained within Paragraph 33 of Plaintiff's Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A. Defendant denies the remaining allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.     Finally, the inclusion of erroneous statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

**ANSWER:   Defendant denies that the privacy notice constitutes a debt collection letter. In further answering the allegations contained within Paragraph 34 of Plaintiff's Complaint, Defendant MRC denies that Plaintiff accurately characterizes the privacy notice and accordingly denies the allegations contained within Paragraph 34 of Plaintiff's Complaint. Furthermore, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the privacy notice attached to the Plaintiff's Complaint is the actual notice that might have been included with Exhibit A.**

35.     Similar statements were held to violate 15 U.S.C. §1692e in <u>Stewart v. Asset Acceptance LLC</u>, 1:04-cv-1213-LJM-VSS (S.D.Ind., Nov. 19, 2004).

**ANSWER:   Defendant MRC denies the allegations contained within Paragraph 35 of Plaintiff's Complaint. In further answering Paragraph 35, Defendant states that Plaintiff completely misstates and misrepresents the cases cited therein.**

<u>CLASS ALLEGATIONS</u>

36.     Plaintiff brings this action on behalf of a class.

**ANSWER:   Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified.**

37.     The class consists of (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

**ANSWER:   Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 37 of Plaintiff's Complaint.**

5870379v1 849204

38. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER: Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 38 of Plaintiff's Complaint.**

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

**ANSWER: Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 39 of Plaintiff's Complaint.**

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 40 of Plaintiff's Complaint.**

41. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER: Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. In further answering the allegations contained within Paragraph 41 of Plaintiff's Complaint, Defendant states that it is without sufficient knowledge to form a belief as to the truth of the allegation that Plaintiff will fairly and accurately represent the purported class members and therefore neither admits nor denies same. Defendant admits that Plaintiff's Counsel is experienced in class actions and FDCPA litigation, but further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that same is adequate counsel to litigate the present Plaintiff's purported class action. Defendant denies any remaining allegations contained within Paragraph 41 of Plaintiff's Complaint.**

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

11

**ANSWER:** **Defendant MRC admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Defendant denies any remaining allegations contained within Paragraph 42 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant MRC states that any violation of the FDCPA, which Defendant MRC denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant MRC states that Plaintiffs fail to state a cause of action under § 1692 of the FDCPA, because the privacy notice at issue does not contain false or misleading statements in violation of § 1692e.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant MRC denies that it violated the FDCPA, due to the fact that Defendant MRC did not engage in any debt collection activities.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant MRC states that Plaintiff fails to state a cause of action under § 1692 of the FDCPA, because it is not a debt collector.

12

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant MRC states that it did not commit any actionable violations of the FDCPA.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant MRC asserts that upon information and belief, arbitration is the more appropriate venue for Plaintiff's claims to be brought as Defendant may possess certain arbitration rights based on contracts entered into by the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant MRC states that venue may not be proper as it does not transact business within the Northern District of Illinois.

WHEREFORE, Defendant, MRC RECEIVABLES CORPORATION, respectfully requests that this court enter judgment in its favor and against Plaintiff on all claims asserted by Plaintiff and for such other relief as this court deems just and appropriate.

MRC RECEIVABLES CORPORATION

By: _____
One of Defendant's Attorneys

David M. Schultz, Esq.
Jennifer M. Hanna, Esq.
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

13

5870379v1 849204