IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Frank Hernandez, Jr., )<br>)<br>    Plaintiff, )<br>) | |
|   vs. ) | No. 04 C 7844<br>Judge Pallmeyer<br>Magistrate Judge Schenkier |
| )<br>Midland Credit Management, Inc.; MRC )<br>Receivables Corporation; and Encore Capital )<br>Group, Inc., formerly known as MCM Capital )<br>Group, Inc. )<br>) | And related cases:<br>No. 06 C 0182<br>No. 07 C 6331 |
|     Defendants. ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1. **Parties.** The parties to this Class Settlement Agreement ("Agreement") are Midland Credit Management, Inc., MRC Receivables Corporation; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Defendants"), on the one hand, and Frank Hernandez Jr. ("Hernandez"), Ron Balogun ("Balogun"), and Hughie Young ("Young") (collectively "Plaintiffs"), and the classes of persons as defined in ¶ 10 below, on the other hand.

2. **Nature of litigation.** Plaintiff Hernandez filed the above captioned action on behalf of himself and a class of similarly situated individuals in the United States District Court for the Northern District of Illinois, Eastern Division ("*Hernandez*"), against Defendants alleging violations of the Fair Debt Collection Practices Act, 15. U.S.C. §1692 *et seq.* ("FDCPA"). In *Hernandez*, the Plaintiff alleged that a privacy notice sent by Defendants improperly threatened to provide information to third parties in violation of 15 U.S.C. §1692c. Summary judgment was granted in favor of the Plaintiff. Plaintiff Balogun filed an action against

1

Defendants in the United States District Court for the Southern District of Indiana, *Balogun v. Midland Credit Management, Inc. et al.*, No. 1:05-CV-1790, later transferred to the Northern District of Illinois, No. 07 C 6331 ("*Balogun*"); and Plaintiff Hughie Young filed a similar action in the Northern District of Illinois, Eastern Division, *Young v. Midland Credit Management, Inc. et al.*, No. 06 C 0182 ("*Young*"). In *Balogun* and *Young*, the Plaintiffs alleged that Defendants improperly provided information to third parties in violation of 15 U.S.C. §1692c. Plaintiffs sought to recover statutory damages, as provided for by 15 U.S.C. §1692k, for themselves and two classes of individuals. There have been no rulings on the merits in either *Balogun* or *Young*.

3. **Denial of Liability**. Defendants deny any and all liability to Plaintiffs and the Class Members. In order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the Class Members (as defined below in ¶10) against Defendants, Defendants have agreed to settle the *Balogun* and *Young* matters under the same terms and conditions as those agreed upon in *Hernandez*.

4. **Class Counsel**. In this Agreement, "Class Counsel" shall refer to the law firm of Edelman, Combs, Latturner & Goodwin, LLC.

5. **Plaintiffs' Assent to Settlement**. The Plaintiffs desire to settle their claims against Defendants, having taken into account through Class Counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the litigation will be further protracted and expensive.

6. **Opinion of Class Counsel**. Class Counsel have investigated the facts available to them and the applicable law. Based on the foregoing, and upon an analysis of the

benefits which this Agreement affords the Class Members, Class Counsel consider it to be in the best interest of the Class Members to enter into this Agreement.

7. **Stipulation**. In consideration of the foregoing and for other good and valuable consideration, Plaintiffs and Defendants stipulate and agree that the claims of the named Plaintiffs and the Class Members, against Defendants should be and are hereby compromised and settled, subject to the approval of the Court, upon the terms and conditions stated below.

8. **Settlement.** While the Defendants still deny any and all liability in *Hernandez, Balogun* and *Young*, the parties have agreed to settle each Action pursuant to this Agreement without a trial on damages in *Hernandez*, or without trial or adjudication of any issue of fact or law in *Balogun* and *Young*. This Agreement, and the exhibits hereto, shall not constitute any evidence against or any admission by any party with respect to any issue raised in each matter and agree that it shall not be used by any party to estop any other party from asserting any claims or defenses in this proceeding or in any other proceeding whatsoever.

## TERMS

9. **Effective Date.** This Agreement shall become effective (the "Effective Date") upon the court's entry of a final order approving this Agreement as fair, reasonable and adequate; finding that this Agreement is fair and made in good faith, dismissing the claims of Plaintiffs and the Class Members against Defendants without prejudice, subject to becoming a dismissal with prejudice upon completion of the terms of the Agreement ("Final Order"); and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which

disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement in their entirety, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

10. **Certification of Class.** The Court has certified a Class in *Hernandez* and *Balogun*. The parties stipulate to the certification of a class, for settlement purposes only, in *Young*. The parties further agree that the class definitions set forth in this Agreement can be simplified for purposes of providing notice to the Class Members. In this Agreement, all three classes will be collectively referred to as the "Class."

(a) The *Hernandez* Class is defined as: "All natural persons with Illinois addresses to whom any Defendants sent the form privacy notice at issue in this action on or after December 3, 2003, and on or before December 23, 2004; all natural persons with Wisconsin addresses to whom any Defendants sent the form privacy notice at issue in this action on or after January 11, 2004, and on or before January 31, 2005." According to Defendants' records, there are there are approximately 52,000 members of the *Hernandez* Class.

(b) The *Balogun* Class is defined as: "All natural persons with Indiana addresses who were sent a document similar to Exhibit A to the Balogun Complaint on or after November 29, 2004, and on or before December 17, 2005." According to Defendants' records, there are approximately 13,679 members of the *Balogun* Class.

(c) The *Young* Class is defined as: "All natural persons with Illinois addresses who were sent a document similar to Exhibit A to the *Young* Complaint, on or after January 12, 2005 and on or before February 1, 2006. According to the Defendants' records, there are approximately 38,000 members of the *Young* Class.

4

11. **Relief to Plaintiffs and the Class.** The Defendants agree to pay the sum of $900,000 (the "Settlement Fund"), to settle the claims of Plaintiffs and the Class, and to pay attorney's fees and costs to Class Counsel.

(a) The Settlement Fund will be divided into two separate funds of $450,000 for purposes of distribution to the Class. One $450,000 fund will provide the recovery to the *Hernandez* Class, and the second $450,000 fund will provide recovery to the *Balogun* and *Young* Classes.

(b) Plaintiffs will petition the Court for an award of $1,000 each to be paid from the Settlement Fund, as their statutory damages and in recognition of their services as Class representatives. Defendants agree not to oppose Plaintiffs' petition for an award in an amount not to exceed $1,000 each.

(c) After the deduction of the Plaintiffs' incentive awards and attorney's fees and costs, the remaining balance of each $450,000 fund will be distributed to the members of the respective Classes, who do not exclude themselves and who return a timely participation form ("participating Class Member"). Each participating Class Member is limited to a single recovery and will receive a *pro rata* share of the balance of the applicable $450,000 fund. Payment to the participating Class Members will be made by check, void after 90 days of issuance. Nothing contained in this Agreement shall affect the collectibility of each Class Member's underlying debt with Defendants.

12. **Entitlement**. In the event that a Class Member entitled to a check is deceased, the Defendants shall send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the release in ¶15 of this Agreement shall be

5

effective as to such Class Member(s), notwithstanding any failure to comply with laws relating to probate or marital property.

13. **Payment**. On or within thirty days of the entry of the Effective Date, Defendants shall distribute all monies set forth in this Agreement.

14. **Cy Pres**. If any portion of the Settlement Fund remains after the void date on the participating Class Members' checks, these remaining funds will be donated in the form of a *cy pres* award in equal amounts to the Sargent Shriver National Center on Poverty Law, Prairie State Legal Services, and Indiana Legal Services.

15. **Release.** Plaintiffs and the Class will grant Defendants the following release:

> Plaintiffs and each Class Member, their assigns, heirs, successors and personal representatives not opting out as of the Effective Date of the Agreement do hereby release and forever discharge the Defendants, and their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, arising out of the allegations made in the actions styled *Hernandez v. Midland Credit Management, Inc.*, No. 04 C 7844 (N.D. Ill.), *Balogun v. Midland Credit Management, Inc..*, No. 07 C 6331 (N.D. Ill.), and *Young v. Midland Credit Management, Inc.*, No. 06 C 0182, under any legal theory. Plaintiff and the Class Members do not release their right to dispute any alleged debt, or any part of an alleged debt. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

16. **Agreement Not Approved**. If this Agreement is not approved by the Court or for any reason does not become effective, or if any portion of this Agreement is modified or declared invalid by a court on appeal, the entire Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

6

17. **Court-Required Changes to Settlement Agreement or Attachments at Preliminary or Final Approval Stage.** In the event that the Court conditions its preliminary or final approval of the settlement on certain changes to the Agreement (including changes to the attachments thereof), the Parties shall in good faith consider such changes and consent to such changes if they do not substantively alter the obligation of the party. A change shall be deemed to substantively change the obligation of a party if it affects (a) the monetary payments such party is to pay or receive, (b) the scope of the release to be granted, (c) the definition of the Class or Class Members subject to the Agreement and final judgment or order, or (d) a provision expressly noted as material in this Agreement. A change shall not be deemed to substantively change the obligation of a party of if it merely alters the wording or appearance of any notice or order or if it reasonably modifies the timing of any contemplated event.

18. **Attorneys' Fees, Notice Costs and Related Matters.**

(a) Class Counsel will petition the Court for fees and costs to be paid from the Settlement Fund, in an amount not to exceed 30% of the Settlement Fund, through petition for 30% of each of the separate $450,000 funds described above in ¶11. Defendants agree not to oppose Class Counsel's application for attorney's fees in an amount not to exceed 30% ($270,000) of the Settlement Fund. Class Counsel will not request additional fees or costs from Defendants or the Class.

(b) In addition to the Settlement Fund, described in ¶11, Defendants shall pay the reasonable costs of notice and settlement distribution. The parties may destroy documents generated in the administration of notice to the Class one year after the final order is entered and no longer subject to appeal.

19. **Notice.** Defendants will cause notice, including a participation form, to be provided to the Class by U.S. Mail. Defendants shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibits 1 and 2, to be sent to the last known addresses of the members of the respective Class, according to Defendants' records. Defendants shall also provide Class Counsel with a list of the names and last known addresses of the Class Members ("Class List") on the same date. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided to Defendants within five days of receipt. The Class List, as updated to reflect the address to which notice was forwarded, will be maintained by the parties, in electronic form, until a date two years following the Effective Date. The reference to a Class Member in ¶15 is limited to those individuals whose names appear on the Class List.

20. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the court for an order which:

    a. Preliminarily approves this Agreement.

    b. Schedules a hearing for final approval of this Agreement by the court.

    c. Approves the form of notices to the Classes, to be directed to the last known address of the members of the Class as shown on Defendants' records.

    d. Finds that mailing of the notice to the Class and the other measures specified in ¶19 is the only notice required and that such notice satisfies the requirements of due process and Rule 23; and

e. Sets deadlines for submission of participation forms, exclusions, and objections to the Agreement.

21. **Agreed Forms.** The parties agree to request the form of notices attached hereto as Exhibits 1 and 2 and propose the form of preliminary approval order attached hereto as Exhibit 3. Subject to Paragraph 17, the fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

22. **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Class Counsel and Defendants shall request that the Court enter a Final Order approving the terms of this agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Class Members satisfies the requirements of due process and Rule 23, finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, dismissing the claims of the named Plaintiffs and the Class with without prejudice and without costs. The order will further provide that the dismissal of the three actions become with prejudice after such time as the parties can fully implement the provisions of this Agreement.

23. **Release of Attorney's Lien.** In consideration of this Agreement, Class Counsel, hereby waive, discharge and release the "Released Parties" as defined in ¶15 above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case. Class Counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to any agreement with referring counsel.

24. **Miscellaneous Provisions.** Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

25. **Procedure if Settlement Not Approved or Appealed.** In the event that the Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void unless the Parties jointly agree to appeal the order. In the event that the Court approves the settlement as set forth in this Agreement but the final judgment or order is appealed and that order is reversed on appeal, the Agreement is null and void. If the Agreement becomes null and void, *Hernandez, Balogun,* and *Young* shall be reinstated and continue, any and all orders entered pursuant to this Agreement shall be vacated, and the fact of this settlement and this settlement agreement may not be used for any purpose in such proceedings.

26. **Cooperation**. The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

27. **No Admission.** This Agreement is for settlement purposes only. Therefore it is expressly agreed and understood that this Agreement and its exhibits do not constitute and in no event be construed as, or deemed to be, an admission or concession that these actions should or should not be maintained as class actions, or on the part of any party of any liability or wrongdoing, or any lack of liability or wrongdoing whatsoever.

28. **Objections**. Any notices of objections or requests for exclusion to this Agreement shall be sent to:

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago IL 60603

(Counsel for Plaintiffs)

Counsel for Plaintiffs shall be responsible for providing copies of any objections within 7 days of receipt to Counsel for the Defendants:

Richard E. Gottlieb
DYKEMA GOSSETT, PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606

(Counsel for Defendants)

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

29. **Right of Exclusion.** Any Class Member may seek to be excluded from this Agreement and from the Class within the time and manner provided by the Court. Any Class Member so excluded shall not be bound by the terms of this Agreement nor entitled to any of its benefits.

30. **Entire Agreement.** The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and supersedes all prior written or oral agreements and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

31. **Counterparts.** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a

complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

32.  Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiffs and the members of the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

33.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2008.

**[SIGNATURE PAGES TO FOLLOW]**

**For Plaintiffs and the Class**

_____
Frank Hernandez, Jr.

STATE OF _Illinois_ )
                    )
COUNTY OF _Cook_    )

"OFFICIAL SEAL"
JULIE CLARK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06-17-2008

Subscribed and sworn to before me this day of _16th_, 2008, by .
My commission expires: _6/17/08_

_Julie Clark_
Notary Public


_____
Ron Balogun

STATE OF _____ )
                         )
COUNTY OF _____  )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

_____
Notary Public


_____
Hughie Young

STATE OF _____ )
                         )
COUNTY OF _____  )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

_____
Notary Public

**For Plaintiffs and the Class**

_____
Frank Hernandez, Jr.

STATE OF _____ )
                            )
COUNTY OF _____ )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

_____
Notary Public

_____
Ron Balogun

STATE OF __In_____
                            
COUNTY OF __Marion_____ )

[Seal: TED ZIELINSKI, NOTARY PUBLIC — County of Residence: Marion — Commission Expires: 06/29/2013 — Commission Number: 541890]

Subscribed and sworn to before me this day of __1-15__, 2008, by .
My commission expires: 6-24-13

_____
Notary Public

_____
Hughie Young

STATE OF _____ )
                            )
COUNTY OF _____ )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

_____
Notary Public

13

**For Plaintiffs and the Class**

_____
Frank Hernandez, Jr.

STATE OF _____ )
                        )
COUNTY OF _____  )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

                                    _____
                                    Notary Public


_____
Ron Balogun

STATE OF _____ )
                        )
COUNTY OF _____  )

Subscribed and sworn to before me this day of _____, 2008, by .
My commission expires:

                                    _____
                                    Notary Public


*/s/ Hughie Young*
_____
Hughie Young

STATE OF *Illinois*   )
                      )
COUNTY OF *Cook*      )

"OFFICIAL SEAL"
JULIE CLARK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06-17-2008

Subscribed and sworn to before me this day of *1/16*, 2008, by .
My commission expires: *6/17/08*

                                    */s/ Julie Clark*
                                    _____
                                    Notary Public

13

**For Class Counsel with respect to the release of attorney's lien:**

By: _____
Daniel A. Edelman
James O. Latturner
Cathleen M. Combs
Michelle R. Teggelaar
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
120 South LaSalle Street, Suite 1800
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

STATE OF  IL           )
                       )
COUNTY OF Cook         )

"OFFICIAL SEAL"
JULIE CLARK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06-17-2008

Subscribed and sworn to before me this day of 1/16, 2008, by .
My commission expires: 6/17/08

_____
Notary Public

14

**For Midland Credit Management, MRC Receivables Corporation Inc., and Encore Capital Group, Inc.**

By: _____

Its: Assistant Secretary

STATE OF California )
                    )
COUNTY OF San Diego )

Subscribed and sworn to before me this day of July 11, 2008, by Brian L. Frary
My commission expires: Jan. 18, 2012

_____
Notary Public

[Notary stamp: TANYA FLORES, Commission # 1789107, Notary Public - California, San Diego County, My Comm. Expires Jan 18, 2012]

**Approved as to form:**

By: _____
Richard E. Gottlieb
Renee Lynn Zipprich
James W. McConkey
DYKEMA GOSSETT, PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700
(312) 876-1155 (FAX)

(Counsel for Defendants)

CHICAGO\2410433.1
ID\RLZ